UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CARL LEE JONES,

        Plaintiff,                         Case No. 1:15-cv-1308

v.                                             Honorable Janet T. Neff

WILLIE SMITH et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint on grounds of immunity and failure to state a claim against Defendants Smith, Washington and MDOC Board of Medicine. The Court will serve the complaint against Defendants Hutchinson and Gerlatch.

**Factual Allegations**

Plaintiff currently is incarcerated at the Ionia Correctional Facility (ICF). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Heidi Washington, MDOC Medical Specialist C. Hutchinson, ICF Warden Willie Smith, ICF Doctor R. Gerlatch and a party named as "ICF MDOC State Prisons Board of Medicine." (Compl., ECF No. 1, PageID.1.)[1]

Following his incarceration with the MDOC in 2010, Plaintiff was informed that he was infected with Hepatitis C. Since that time, Plaintiff claims that he has repeatedly requested and been denied treatment for his life-threatening condition. In response to a grievance filed by Plaintiff in 2014, the Step I Respondent indicated that Plaintiff had been seen by the Infectious Disease Medical Provider and did not qualify for antiviral treatment under the MDOC protocol for Hepatitis C. (*See* Step II Grievance Response, ECF No. 1-1. PageID.77.) The Step II Respondent further stated in part:

> ID assessment 4/23/13; Chronic hepatitis C infection genotype 1a with liver biopsy done on 05.25.11 showing stage 0-1 of 4 fibrosis. There is no evidence of any extra-hepatic disease due to the hepatitis C and the liver biopsy does not qualify for treatment under the MDOC protocol of 07.01.08. Dr. Hutchinson explained to Mr. Jones; I explained that the liver fibrosis evaluation and the screening for HCV-related disease outside the liver do not presently qualify for antiviral treatment under the current MDOC HCV protocol.
>
> \*\*\*
>
> Dr. Hutchinson has requested; Schedule patient every six months for chronic care clinic with pre-visit CBC and comprehensive metabolic panel. Refer for ID reconsideration of anti-virals if you find evidence of rapid fibrosis (e.g., rising bilirubin or falling albumin or platelets) or evidence or significant extra-hepatitis disease (renal, skin or eye).

---

[1] Plaintiff filed a previous action in this Court regarding the alleged denial of medical treatment for Hepatitis C, which was dismissed without prejudice on January 10, 2014, for failure to exhaust his administrative remedies. *See Jones v. Prelesnik et al.*, 1:12-cv-719 (W.D. Mich.).

*(Id.)* Plaintiff alleges that his appetite has decreased and he suffers from fatigue, vomiting, diarrhea and abdominal pain. He also claims to have a new rash and that he is developing jaundice in his eyes. Plaintiff maintains that medication is required to keep his condition from worsening.

Plaintiff contends that he is being denied medical treatment for Hepatitis C in violation of his Eighth Amendment rights. He further alleges that he has suffered severe emotional distress from worrying about the lack of treatment for his life-threatening condition. Plaintiff also claims that he has been denied proper medical treatment for pain in his right knee. Plaintiff seeks injunctive relief, as well as monetary damages of $800,000 for his pain and suffering.

## Discussion

### I. Immunity

Plaintiff appears to sue an entity entitled, "ICF MDOC State Prisons Board of Medicine." (ECF No. 1, PageID.1.) To the extent that such an entity exists, it would be a division or administrative unit of the MDOC. Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Consequently, the MDOC Board of Medicine is not subject to a section 1983 action.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants ICF Warden Smith and MDOC Director Washington. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff's allegations against Defendants Smith and Washington fall far short of the minimal pleading standards under FED. R.

CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Smith and Washington engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Hutchinson and Gerlatch.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Smith, Washington and MDOC Board of Medicine will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity

and failure to state a claim. The Court will serve the complaint against Defendants Hutchinson and Gerlatch.

      An Order consistent with this Opinion will be entered.


Dated:  May 12, 2016                     /s/ Janet T. Neff
                                                    Janet T. Neff
                                                    United States District Judge