UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE JONES #758104,

    Plaintiff,                                         Hon. Janet T. Neff

v.                                                    Case No. 1:15-cv-1308

WILLIE SMITH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (ECF No. 41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Following his 2010 incarceration, Plaintiff was diagnosed with Hepatitis C. Plaintiff's subsequent requests for treatment were all denied. As a result, Plaintiff has experienced diminished appetite, fatigue, vomiting, diarrhea, abdominal pain, rashes, and jaundice. Concern regarding his lack of treatment has caused Plaintiff to also experience severe emotional distress. Plaintiff has also been denied proper medical treatment for his right knee. Alleging that his Eighth Amendment rights have been violated, Plaintiff initiated the present action against the Michigan Department of Corrections Board of Medicine and four individuals. Plaintiff's claims against the Board of Medicine and two individuals were dismissed on screening. Defendants Hutchinson and Gerlatch now move for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility considerations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,'

and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Eighth Amendment Standard

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the

unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*,

2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

### II. Medical Record and Other Evidence

In support of their motion for summary judgment, Defendants Dr. Hutchinson and Dr. Gerlach have both submitted detailed affidavits. (ECF No. 41-3 and 41-4). Defendants have also submitted more than 800 pages of Plaintiff's medical records. (ECF No. 43). The evidence submitted by Defendants reveals the following.

#### A. Hepatitis C

Plaintiff was processed into the Michigan Department of Corrections (MDOC) on June 4, 2010. (PageID.265, 1119-22). Subsequent laboratory tests indicated that Plaintiff was infected with the hepatitis C virus (HCV). (PageID.265, 1123, 1176). According to Defendants, HCV typically progresses slowly. (PageID.261, 289). Chronic HCV infection primarily damages the liver causing fibrosis which, in turn, leads to cirrhosis. (PageID.261-62, 289-90). The progression from chronic HCV infection through fibrosis and, ultimately, to cirrhosis "takes decades in most patients;" moreover, one-half of individuals with chronic HCV never experience cirrhosis. (PageID.261-62, 289-90).

The extent of liver damage experienced by HCV patients is measured using the five-stage Metavir scoring system where 0 represents no fibrosis and 4 represents cirrhosis. (PageID.262, 290). Because complications from HCV most often occur in patients experiencing cirrhosis, patients experiencing advanced fibrosis are given higher priority for treatment. (PageID.261-63, 289-92). A patient's degree of liver fibrosis can be estimated from the results of laboratory and blood tests. (PageID.264, 290-91). If active treatment for HCV is indicated, such is often accomplished through use of direct-acting antiviral medications (DAAs). (PageID.262-64, 290-92).

Following his diagnosis of chronic HCV infection, Plaintiff was enrolled in the MDOC's Chronic Care Clinic (CCC) pursuant to which he underwent "clinical evaluation and laboratory testing" on a regular basis to assess the status of his HCV infection and liver function. (PageID. 264, 292, 1144). Since his incarceration with the MDOC, Plaintiff has been examined regularly with respect to his HCV infection. (PageID.259-84, 286-303, 460-1288). Laboratory testing, including a liver biopsy and a liver ultrasound examination, consistently indicated that Plaintiff was experiencing stage 0-1 liver fibrosis. (PageID.265-84, 293-303, 460-1288). Moreover, Plaintiff consistently reported experiencing no HCV-related symptoms. (PageID.265-84, 293-303, 460-1288). Accordingly, Defendants both concluded that in light of Plaintiff's then present condition and, moreover, because "HCV is an extremely slowly progressing disease," active treatment, such as with DAAs, "will have no significant effect on [Plaintiff's] HCV infection or his overall condition and health." (PageID.265, 293).

While Plaintiff has responded to Defendants' motion, his response is not supported by any evidence. On the other hand, the evidence submitted by Defendants makes abundantly clear, Plaintiff's HCV infection is being closely monitored and the decision to not actively treat such is not unreasonable. Plaintiff's argument is simply that he disagrees with the medical evaluation and treatment

he is receiving. However, disagreement concerning treatment or allegations that such treatment is negligent or constitutes malpractice is insufficient to maintain an Eighth Amendment claim. The undersigned, therefore, recommends that Defendants are entitled to summary judgment as to Plaintiff's claims regarding the treatment he has received for his HCV infection.

B.   Knee

The evidence concerning Plaintiff's right knee impairment leads to the same conclusion, namely that Plaintiff merely disagrees with the treatment he has received or considers such to constitute negligence or malpractice.

Treatment notes dated July 9, 2010, indicate that Plaintiff was experiencing "moderate" knee pain which was relieved by over-the-counter medications. (PageID.1130-31, 1145). X-rays of Plaintiff's right knee, taken August 18, 2011, revealed arthritic changes. (PageID.1050). On June 5, 2012, Plaintiff reported that he was experiencing right knee pain. (PageID.981). On June 13, 2012, Plaintiff received a pain injection in his right knee. (PageID.986-87). A subsequent examination revealed no indication that Plaintiff was experiencing knee pain. (PageID.998-1000). On October 19, 2012, Plaintiff reported that he was satisfied treating his knee pain with injection therapy. (PageID.1019).

On April 12, 2013, Plaintiff reported that he was experiencing "occasional" knee pain. (PageID.949). A June 17, 2013 examination revealed that Plaintiff was experiencing "mild" knee pain. (PageID.849). On May 30, 2014, Plaintiff reported that he was experiencing knee pain without radiation. (PageID.697). On June 13, 2014, Plaintiff received a pain injection in his right knee. (PageID.704-05). Treatment notes dated October 28, 2014, indicate that Plaintiff was "moving about

his cell fluidly." (PageID.781). Treatment notes dated November 11, 2014, indicate that Plaintiff limped when approaching a nurse, but was walked back to his cell "with a normal gait." (PageID.800).

The results of a November 21, 2014 examination of Plaintiff's right knee were unremarkable. (PageID.813-14). On December 26, 2104, Plaintiff reported that NSAIDs (non-steroidal anti-inflammatory drugs) improved his knee pain. (PageID.834). Plaintiff's gait and balance were observed to be "intact." (PageID.835). The results of a May 13, 2015, examination of Plaintiff's right knee were unremarkable. (PageID.608-09). On February 16, 2016, Plaintiff reported that he was experiencing knee pain. (PageID.515-16). On February 26, 2016, Plaintiff received a pain injection in his right knee. (PageID.518-19).

Defendant Gerlach asserted that "while [Plaintiff] has occasionally been prescribed NSAIDs for his complaints of knee pain, he cannot take NSAIDs regularly because of the potential strain on his liver." (PageID.289). Accordingly, Plaintiff's knee pain was often treated instead with corticosteroid injections. (PageID.289). Defendant Gerlach determined that Plaintiff "does not require more aggressive treatment, such as knee surgery" because "[h]e has not exhibited indications for knee surgery, such as pain that is unrelieved by conservative measures (such as corticosteroid injections) or gait difficulties." (PageID.289).

In response to the present motion, Plaintiff has presented no evidence and instead argues that the treatment he has received for his knee pain constituted "medical malpractice" and "medical negligence." As the evidence submitted by Defendants reveals, Plaintiff consistently received treatment for his knee pain which was both reasonable and effective. While Plaintiff disagrees with the treatment he has received or believes that such constitutes negligence or malpractice, such is insufficient to maintain an Eighth Amendment claim. The undersigned, therefore, recommends that Defendants are

entitled to summary judgment as to Plaintiff's claims regarding the treatment he has received for his right knee pain.

Finally, in his response to the present motion, Plaintiff argues that Defendants are not entitled to relief until he has had an opportunity to obtain discovery. (ECF No. 44 at PageID.1292). To the extent Plaintiff's argument is interpreted as invoking Federal Rule of Civil Procedure 56(d), the undersigned recommends that such be denied. First, Plaintiff was afforded ample time to obtain discovery. (ECF No. 36). Second, Plaintiff has failed to submit the affidavit or declaration required by Rule 56(d).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 41), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  July 26, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge